UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN MCLAUGHLIN ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| SOURCE RECEIVABLES ) | |
| MANAGEMENT, LLC ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Karen McLaughlin, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.  INTRODUCTORY STATEMENT**

1.  Plaintiff, Karen McLaughlin, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.  JURISDICTION**

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.

§ 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and Plaintiff resides in this District.

.

### III. PARTIES

4. Plaintiff, Karen McLaughlin, is an adult natural person residing at 128 Jefferson Street, Riverside, NJ 08075.

5. Defendant, Source Receivables Management, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 3856 Battleground Avenue, Suite 303, Greensboro, NC 27410.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff began to receive collection calls and letters from Defendant in or around June 2009 with regard to an alleged consumer debt, namely a Sprint cell phone bill, which is currently owned by NCO Portfolio Management.

8. Plaintiff disputes the alleged debt and avers that it was the product of identity theft.

9. Plaintiff was only sixteen (16) years old when the alleged debt was incurred.

10. Plaintiff was incapable of entering into a binding contract with the original creditor, Sprint.

11. Plaintiff first became aware of the alleged debt when she turned eighteen (18) and attempted to obtain credit.

12. Plaintiff disputed the alleged debt with Sprint, who subsequently apologized to Plaintiff and removed the item from her credit report.

13. In or around June 2009, Plaintiff received a collection notice from Defendant pertaining to the alleged debt.

14. Plaintiff also began to get collection calls from Defendant.

15. Plaintiff again explained to Defendant's agents the circumstances of the alleged debt and adamantly disputed being the party responsible for same.

16. Defendant's agents threatened Plaintiff by stating that she had to pay the alleged debt or it would go on her credit file for seven (7) years.

17. Additionally, Defendant's agents told Plaintiff that she should have pressed charges years ago.

18. Plaintiff did not know who had stolen her identity and thus, was unable to press charges.

19. Plaintiff sent Defendant a cease contact letter dated June 25, 2009 requesting that Defendant stop all phone contact with her and indicated that she would be seeking legal representation with regard to the matter. Appended hereto and marked "**EXHIBIT A**" is a copy of the letter and fax confirmation.

20. Defendant, by and through its agents, continued to contact Plaintiff via phone every week.

21. In or around the second week of October 2009, Defendant's agent, Melissa, called Plaintiff.

22. Defendant's agent, Melissa, again indicated that the only way for Plaintiff to avoid the alleged debt being reported to her credit file for the next seven (7) years was to pay Defendant immediately.

23. Defendant's agent, Melissa, informed Plaintiff that Defendant's records indicated that Plaintiff had cried the first time Defendant contacted her. Melissa also informed Plaintiff that the phone notes stated that Plaintiff had had an attitude and refused to press charges.

24. Plaintiff never refused to press charges but has no idea who used her identity to incur the alleged debt.

25. Defendant's agent, Melissa, hung up on Plaintiff.

26. Plaintiff attempted to call Defendant's agent back several times.

27. Defendant's agent, Melissa, told plaintiff to get a life and stated that Defendant would just call Plaintiff again the next day and continue to call her everyday thereafter.

28. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

29. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it could not legally take or did not intend to take for the purpose of coercing Plaintiff to pay the debt.

30. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT ONE – FDCPA**

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was not incurred by Plaintiff but was used for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a. c(c) Defendant's agents continued to contact Plaintiff after receiving written notification that Plaintiff wanted Defendant to cease communication;

    b. d Defendant's agents' conduct was harassing, oppressive and abusive toward Plaintiffs;

    c. d(2) Defendant's agent used abusive language toward Plaintiff;

    d. d(5) Defendant's agents caused Plaintiff's phone to ring and engaged her in conversation repeatedly;

    e. e Defendant's agent used false, deceptive and misleading representations to attempt to collect the alleged debt from Plaintiffs;

    f. e(5) Defendant's agent threatened to take action was not intended to be taken;

    g. e(7) Defendant's agent falsely represented that Plaintiff had committed conduct to disgrace herself;

    h. e(8) Defendant's agents threatened to communicate false credit information and failed to note the account as disputed;

    i. e(10) Defendant's agent used false representation or deceptive means to attempt to collect the alleged debt from Plaintiff;

    j.  f Defendant's agents were unfair and unconscionable in their attempts to collect the alleged debt from Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered in her favor and against the Defendant, Source Receivables Management, LLC, for the following:

  a.  Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

  b.  Actual damages;

  c.  Statutory damages pursuant to 15 U.S.C. § 1692k;

  d.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  e.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

            **Respectfully submitted,**

            **WARREN & VULLINGS, LLP**

**Date:  October 29, 2009**   **BY:** */s/ Bruce K. Warren*
            **BY:** */s/ Brent F. Vullings*
            Bruce K. Warren, Esquire
            Brent F. Vullings, Esquire
            Warren & Vullings, LLP
            1603 Rhawn Street
            Philadelphia, PA  19111
            215-745-9800   Fax 215-745-7880
            Attorney for Plaintiff